GARY M. RESTAINO
United States Attorney
District of Arizona
GORDON E. DAVENPORT, III
RYAN J. ELLERSICK
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: gordon.davenportiii@usdoj.gov
ryan.ellersick3@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>Plaintiff,<br><br>vs.<br><br>Carlos Victor Passapera Pinott,<br><br>Defendant. | CR No. 20-cr-01706-JGZ-MSA<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1. The defendant agrees to plead guilty to Counts Four, and Six of the Superseding Indictment charging the defendant with felony violations of 18 U.S.C. 201(b)(2) (Bribery), and 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Fentanyl, Cocaine, and Heroin). The remaining counts of the Superseding Indictment will be dismissed at the time of sentencing.

### Elements of the Offense

2. The elements of the offense for Count Four are as follows:

   a. The defendant was a public official;

     b.    The defendant demanded, sought, received, accepted, or agreed to receive or accept something of value, in return for being induced to do or not to do an act in violation of defendant's official duty; and

     c.    The defendant acted corruptly, that is, intending to be influenced to do or to omit to do an act in violation of the defendant's official duty.

3.    The elements of the offense for Count Six are as follows:

     a.    The defendant agreed with at least one other person to commit the crimes of Possession with Intent to Distribute Fentanyl, Cocaine, and Heroin, as charged in the Superseding Indictment; and

     b.    The defendant became a member of the conspiracy knowing that its object was the Possession with Intent to Distribute Fentanyl, Cocaine, and Heroin, in violation of 21 U.S.C. § 846, and intending to accomplish said object.

As a sentencing factor, the parties agree that the quantity of controlled substances the defendant agreed to possess with intent to distribute are as follows: fentanyl (more than 400 grams)[1]; cocaine (21 kilograms); and heroin (1 kilogram).

<u>Maximum Penalties</u>

4.    The defendant understands that the maximum penalties for the offenses to which he is pleading are: for Count Four, a fine of $250,000 (or three times the monetary equivalent of the thing of value), a term of imprisonment of 15 years, or both, and a term of 3 years of supervised release; and for Count Six, a fine of $10,000,000.00 (or twice the gross gain), a term of life imprisonment with a mandatory minimum term of 10 years, or both, and a term of between 5 years and lifetime supervised release. In addition, as a result of the conviction on Count Four, the defendant will be disqualified from holding any office of honor, trust, or profit under the United States.

6.    The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

---

[1] The parties stipulate that there is an amount sufficient to support a mandatory minimum. The total amount is left to the determination of the sentencing judge.

7. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty and shall be paid no later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Drug Conviction & Immigration Consequences

8. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

9. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

### STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

10. <u>Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties stipulate and agree that the following guideline calculations are applicable for the charges for which the defendant is pleading guilty. **There is no agreement regarding sentencing and there is no agreement on final**

**guideline calculation, and the defendant and government may make appropriate motions for applicability or inapplicability of other guidelines:**

| | | |
|---|---|---|
| Base Offense Level | 2D1.1(c)(1) | 32 -38[2] |
| Abuse of Trust | 3B1.3 | +2 |
| Acceptance of Responsibility | 3E1.1(a) & (b) | -3 |

11. The government and the defendant agree that the defendant is in Criminal History Category I.

12. <u>Sentencing Agreement</u>: Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant do not stipulate to a sentence. The Court has the discretion to enter any sentence above the statutory minimum of Count 6 (120 months), but below the statutory maximum of Count 6 (Life).

    a. The defendant may not withdrawn from the agreement as long as the Court issues a legal sentence between the statutory minimum and maximum.

    b. The defendant may move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant may also argue for a variance under 18 U.S.C. § 3553(a). The parties understand that regardless of any departure or variance, the minimum sentence of 120 months is statutorily in effect.

    d. The parties stipulate and agree that the defendant is not eligible for Safety Valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). Accordingly, the defendant agrees that he may not argue for, and the Court may not impose, a sentence below the mandatory minimum term of 120 months of imprisonment.

13. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such

---

[2] The government anticipates that the Marijuana Equivalent is properly calculated at 110,200 kg (Offense Level 38). However, the defendant stipulates to 400 g of Fentanyl, but has reserved the ability to contest an amount beyond that at sentencing. At 400g of Fentanyl the Marijuana Equivalent is 6,200 Kg. (Offense Level 32).

revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

14. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.[3]

15. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

16. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

## FORFEITURE

17. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### Agreement as to Forfeiture

a. Defendant, Carlos Victor Passapera Pinott, acknowledges that the following items have already been administratively forfeited:

1. $311,100 in U.S. currency from Wells Fargo Bank Safe Deposit Box;

---

[3] The government is not aware of other pending criminal matters.

  2.  $39,980 in U.S. currency;

  3.  $330,444 in U.S. currency;

  4.  One 2013 Mini Cooper, VIN WMWSX3C57DT466717;

  5.  One diamond ring; and

  6.  One 2016 Mercedes-Benz GLC 300, VIN WDC0G4KB4GF019623.

 b. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

 c. Defendant understands that he may be subject to a money judgment representing the proceeds of the offenses for which the defendant is pleading guilty. The parties agree that the entry of a money judgment and the amount of any such money judgment will be determined by the Court at the time of sentencing. The parties also agree that, in the event the Court enters a money judgment that exceeds the value of the assets listed above (which were previously administratively forfeited), the value of the forfeited assets will be credited against the money judgment.

 d. Defendant agrees that pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 982(b), and Federal Rules of Criminal Procedure Rule 32.2(e)(1), the defendant has dissipated the proceeds of the offenses, and that the United States will seek forfeiture of any other property of said defendant up to the value of any money judgment that is imposed, including but not limited to all property, both real and personal, owned by the defendant.

 e. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

 f. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy,

or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds, including the Court's determination regarding a money judgment.

      g.    Defendant knowingly and voluntarily agrees and understands that the forfeiture of assets shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

      h.    In the event a money judgment is imposed, Defendant acknowledges that failure to pay on or satisfy the judgment could allow for referral of the debt to the United States Department of Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of Treasury will reduce or withhold any eligible Federal payments by the amount of the debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code.

### Waiver of Defenses and Appeal Rights

18.    Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the superseding indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing- including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed the statutory maximum of Life. The defendant

further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)). Nor shall this waiver bar the defendant from filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and appealing the denial of such a motion.

## Reinstitution of Prosecution

19. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all

charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

20. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offenses beyond a reasonable doubt:

> From a time, unknown until on or about August 9, 2020, in the District of Arizona, Carlos Victor Passapera Pinott ("Passapera") participated in a bribery scheme that involved using his position as a Border Patrol agent to smuggle controlled substances into the United States from the Republic of Mexico in exchange for large cash bribes.
>
> On or about August 9, 2020, Passapera, wearing his Border Patrol uniform and driving his Border Patrol truck, retrieved two large duffel bags from the desert west of the Lukeville Port of Entry. Passapera then transported the duffel bags to the Phoenix Airport, where he unloaded the bags into the vehicle of a co-conspirator. The bags contained approximately at least 400 grams of fentanyl, 21 kilograms of cocaine, and 1 kilogram of heroin. Passapera was paid approximately $40,000 by the co-conspirator for delivering the controlled substances.
>
> Passapera accepted this payment in return for being induced to violate his official duties as a Border Patrol agent to interdict controlled substances at the border.

6/21/23
Date

_____
Carlos Victor Passapera Pinott
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offenses to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Date: 6/21/23

_____
Clay Hernandez, Esq.
Attorneys for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

Digitally signed by GORDON DAVENPORT
Date: 2023.06.20 11:22:24 -07'00'

Date: _____

Gordon E. Davenport, III
Ryan J. Ellersick

- 11 -

Assistant U.S. Attorneys